CADY, Justice
(dissenting).
I respectfully dissent from the holding of the majority to preserve the claim of ineffective assistance of counsel for post-conviction relief. I dissent because I believe the record in this case is adequate for us to decide that trial counsel was not ineffective for failing to attack the viability of the search-incident-to-arrest exception to the warrant requirement in light of Arizona v. Gant, — U.S. -, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009).
The record in this case is adequate because it reveals the search was clearly permitted under the well-recognized automobile exception to the warrant requirement. The majority’s own opinion bears this out. The majority holds the arresting officer had reasonable grounds to stop the vehicle operated by Vance. Additionally, the majority acknowledges the arresting officer observed methamphetamine through the window of the vehicle during the stop. These facts, and others, clearly justify the search under the automobile exception. Consequently, a criminal defense lawyer cannot render ineffective assistance of counsel based on the failure to attack the viability of one exception to the warrant requirement when another exception applies under the circumstances of the case.
The automobile exception to the warrant requirement under the state and federal search and seizure clauses allows a war-rantless search if there is probable cause to search the vehicle. See State v. Allens *791 worth, 748 N.W.2d 789, 795 (Iowa 2008). The exception is justified based on the inherent mobility of a vehicle, as well as a lower expectation of privacy in vehicles. State v. Cain, 400 N.W.2d 582, 585 (Iowa 1987). This exception has been firmly planted in our Iowa jurisprudence for over twenty years. See State v. Olsen, 293 N.W.2d 216, 219-20 (Iowa 1980) (applying the automobile exception to the warrant requirement under the Iowa Constitution). It has also been a part of our federal jurisprudence for even longer. Moreover, we have made it clear that our interpretation of the search and seizure clause under the Iowa Constitution conforms to the Search and Seizure Clause under the Federal Constitution. See id. at 220; see also State v. Gillespie, 619 N.W.2d 345, 350 (Iowa 2000) (noting that, while the application of the automobile exception focused on the Fourth Amendment to the Federal Constitution, the discussion on the issue was “equally applicable to [the defendant’s] claim under the Iowa Constitution”), abrogated on other grounds by State v. Turner, 630 N.W.2d 601, 606 n. 2 (Iowa 2001).
The same facts used by the majority to uphold the stop in this case unquestionably made the search permissible under the automobile exception. We have numerous cases upholding a search of a vehicle when there is evidence of illegal drug activity in plain view. See, e.g., State v. Carter, 696 N.W.2d 31, 38 (Iowa 2005) (finding sufficient probable cause to search vehicle upon seeing plastic container); State v. Berg-mann, 633 N.W.2d 328, 338 (Iowa 2001) (upholding warrantless search after police dog alerted to narcotics); Gillespie, 619 N.W.2d at 353 (denying existence of sufficient probable cause for warrantless search of vehicle when officer did not see contraband, but merely saw the defendant’s vehicle driving away from an anhydrous ammonia facility). Consequently, the ineffective-assistance-of-counsel claim raised by Vance on appeal is totally without merit.
STREIT, J., joins this dissent.